FILED

2020 Apr-23  PM 03:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ERSKINE LEON HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 5:19-cv-0936-LCB-JEO |
| | ) | |
| JEFFERSON S. DUNN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on January 31, 2020, recommending the defendants' motions for summary judgment be granted and this action be dismissed with prejudice. (Doc. 30). The magistrate judge advised the plaintiff of his right to file specific written objections within fourteen (14) days. (*Id.*). On March 9, 2020, the court received untimely objections from the plaintiff. (Doc. 31). Because the plaintiff proceeds *pro se*, the court has considered the objections as if they had been timely filed.

The plaintiff's objections lack merit. He failed to provide any evidence or argument in opposition to the motions for summary judgment, although provided an opportunity to do so. (Doc. 29). He states he requested a lower bunk profile in May 2018 due to back pain (doc. 31 at 1), but fails to acknowledge that request was granted (doc. 24-2 at 12-14). Although the plaintiff asserts he was provided

medication which did not stop his pain (doc. 31 at 1), his medical records reflect that when the plaintiff first complained of neck pain in September 2018, he was sent for an x-ray. (Doc. 24-2 at 18-20). He was prescribed Motrin, and two weeks later, reported the Motrin helped his pain. (Doc. 24-2 at 21). The plaintiff's statement that Dr. Gulati failed to provide effective treatment is wholly contradicted by these medical records.

In his objections, the plaintiff asserts for the first time that on three occasions, he showed up "at the emergency room, sometimes in a wheelchair, because I needed something for the pain." (Doc. 31 at 2). The plaintiff claims an unnamed nurse yelled at him to stop coming up there at night because they could do nothing for his pain. (*Id.*). The plaintiff failed to raise this fact in his original, first amended, or second amended complaint, fails to name any individual who told him this, and fails to assert a date on which this occurred.[1] Even if properly brought, the plaintiff would not be entitled to relief on this vague assertion. *See gen., Richardson v. Johnson,*

---

[1] In his original complaint, the plaintiff named only Jefferson Dunn and the Alabama Department of Corrections and brought generalized claims concerning his conditions of confinement. (Doc. 1). Because the plaintiff alleged no condition or incident which caused an injury to him, the court provided him with an opportunity and instructions to file an amended complaint which set forth viable claims. (Doc. 7). The plaintiff's first amended complaint again named Jefferson Dunn, and added Warden Estes and Corizon Health Care. (Doc. 8). Therein, he asserted only that each defendant failed to provide needed medication. (*Id.*). The court therefore allowed the plaintiff to file another amended complaint, again explained how to bring a viable claim pursuant to 42 U.S.C. § 1983, and even instructed the plaintiff that to the extent he was attempting to bring a claim for deliberate indifference to his medical needs, he must name the individual responsible for not providing his medication. (Doc. 9). The plaintiff then filed his second amended complaint (doc. 10), which raised the claims considered in the report and recommendation. (Doc. 30)

598 F.3d 734, 737 (11th Cir. 2010). The medical records did reflect that on March 26, 2019, the plaintiff was told he could not get any medication, and that he had failed to pick up the prescriptions he did have. (Doc. 24-3 at 4, 6). However, he was again referred to a medical provider and prescribed Naproxen for his back pain. (Doc. 24-2 at 21).

The plaintiff acknowledges he was prescribed Mobic, but asserts it was not available to him for "another 1-3 months." (Doc. 31 at 2). He claims Dr. Gulati first prescribed it in March 2019, but the first mention of Mobic in the medical records appears in July 2019, in conjunction with his referral for further x-rays due to his complaints of pain.[2] (Doc. 24-3 at 14, 16).

The plaintiff's remaining objections concern general prison conditions, which were not raised by the plaintiff prior to his objections, and a new claim that Mobic "has serious side effects which could result in damage to my stomach or other organs." (Doc. 31 at 3). The plaintiff states only that he put in a sick call slip in February 2020 to talk to the doctor to determine "where we go from here." (*Id.*). Nothing in this statement, or in the plaintiff's objections as a whole, reflect "a failure

---

[2] While the plaintiff may be relying on Dr. Gulati's affidavit to support this contention, that affidavit merely noted the plaintiff was seen by an RN on March 29, 2019, and referred for further treatment. (Doc. 24-1 at 4). Dr. Gulati then states the plaintiff was written prescriptions for a double mattress profile and Mobic. (*Id.*). Nowhere does Dr. Gulati state those prescriptions were written in March, and the medical records reflect this actually occurred in July 2019. (Doc. 24-3 at 10, 14).

to respond to a known medical problem" or treatment which is so cursory as to amount to no treatment at all.   *See Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989);   *Ross v. Corizon Medical Services*, 700 F. App'x 914, 916 (11th Cir. 2017) (citing *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections thereto, the objections are **OVERRULED**, the magistrate judge's report is **ADOPTED** and the recommendation is **ACCEPTED**.  The court **EXPRESSLY FINDS** that there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law.  Accordingly, the defendants' motions for summary judgment (docs. 24 and 28) are due to be granted and this action is due to be **DISMISSED WITH PREJUDICE**.

A Final Judgment will be entered.

**DONE** and **ORDERED** April 23, 2020.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE